# EXHIBIT A

## SUMMONS

Attorney(s) Randy P. Catalano, Esquire
Office Address 401 Kings Highway South, Suite 4A
Town, State, Zip Code Cherry Hill, NJ 08034

Telephone Number (856) 281-9860
Attorney(s) for Plaintiff Frank A. Piccioni

Frank A. Piccioni

       Plaintiff(s)

Vs.

John Does 1-50 (fictitious names) and
Chick-Fil-A, Inc.
       Defendant(s)

**Superior Court of New Jersey**

GLOUCESTER COUNTY
LAW DIVISION
Docket No: L-001228-19

**CIVIL ACTION SUMMONS**

*CHICK-FIL-A, INC. RECEIVED JAN 23 2020 CORPORATE LEGAL DEPT.*

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                                              Clerk of the Superior Court

DATED: 01/22/2020

Name of Defendant to Be Served: Chick-Fil-A, Inc.

Address of Defendant to Be Served: 5200 Buffington Road, Atlanta, GA 30349

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

# Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY        NJ 08096

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 878-5050
COURT HOURS  8:30 AM - 4:30 PM

DATE:   OCTOBER 10, 2019
RE:     PICCIONI FRANK  VS JOHN DOES 1-10
DOCKET: GLO L -001228 19

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON SAMUEL J. RAGONESE

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    101
AT:  (856) 878-5050.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: RANDY P. CATALANO
RALPH P. CATALANO
401 KINGS HIGHWAY SOUTH
STE 4A
CHERRY HILL      NJ 08034

ECOURTS

CATALANO LAW
BY: RANDY P. CATALANO, ESQUIRE
ATTORNEY ID# 024491982
401 KINGS HIGHWAY SOUTH
SUITE 4A
CHERRY HILL, NJ 08034
T: (856) 281-9860
F: (856) 281-9859
Attorney for Plaintiff

| | |
|---|---|
| FRANK A. PICCIONI,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN DOES, 1-10 (fictitious names),<br>JOHN DOES 11-20 (fictitious names),<br>JOHN DOES, 21-30 (fictitious names),<br>JOHN DOES 31-40 (fictitious names),<br>JOHN DOES 41-50 (fictitious names),<br>Jointly, severally and/or in the alternative,<br>CHICK-FIL-A, INC.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>GLOUCESTER COUNTY<br>LAW DIVISION<br><br>Docket No. GLO-L-001228-19<br><br>Civil Action<br><br>COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, CERTIFICATION OF COUNSEL AND DEMAND FOR ANSWERS TO INTERROGATORIES |

Plaintiff, Frank A. Piccioni, an adult individual, who resides in Sewell, New Jersey, by way of Complaint say:

## FIRST COUNT

1. On or about October 11, 2017, during the course and scope of his employment with Chick-Fil-A, Inc., the plaintiff, Frank A. Piccioni, was in the kitchen/stock room of the Chick-Fil-A store located at 621 Woodbury Glassboro Road, Sewell, New Jersey, when a large box fell from the storage rack striking him in the head and causing him to sustain serious injuries.

2. At all times material hereto, defendants, John Does 1-10, owned, operated, controlled, maintained, supervised and/or designed the Chick-Fil-A store located at 621 Woodbury Glassboro, Sewell, New Jersey.

3. As the owners of the premises, defendants, John Does 1-10, were responsible for the design, care, custody, control, supervision and/or maintenance of the Chick-Fil-A store, including the selection, installation and/or placement of the storage racks in the kitchen/stock room.

4. As the individuals and/or entities who owned, operated, controlled, maintained, supervised and/or designed the Chick-Fil-A store, defendants, John Does 1-10, owed a duty to plaintiff to remove all hazards known to defendants, as well as those hazards which in the exercise of reasonable care should have been known to defendants, and/or to warn plaintiff of those hazards known to defendants, as well as those hazards which in the exercise of reasonable care should have been known to defendants, and defendants breached their duty to plaintiff.

5. Defendants, John Doe and/or John Does 2-10 were negligent and responsible as follows:

   a. improper design or planned use of a storage rack/shelf hanging from chains which presented a hazard for those persons utilizing the same for its intended purpose;

   b. improper construction and/or installation of a storage rack/shelf hanging from chains which allowed stored items to fall without warning presenting a hazard for those persons using the same for its intended purpose;

   c. failed to warn the plaintiff and other persons using the same on the hazards associated with said storage rack/shelf;

  d. failed to make reasonable inspections in order to determine that the storage rack/shelf was in a safe condition and free from defects when using it for its intended purpose;

  e. failed to maintain the storage rack/shelf in a safe condition for those persons using the same for its intended purpose;

  f. improperly designed, planned, constructed and/or installed a storage rack/shelf hanging from chains with no regard for the safety of plaintiff and other persons using the same for its intended purpose;

  g. failed to have the subject storage rack/shelf which was hanging on chains properly secured and/or repaired for those persons using the same for its intended purpose;

  h. allowed a dangerous condition to exist and remain, making it difficult for individuals such as Plaintiff and other persons using the same to place objects on said storage rack/shelf without the risk of it shifting/moving during loading; and

  i. were otherwise negligent.

  6. As a direct and proximate result of the aforesaid negligence of defendants, John Does 1-10, the plaintiff, Frank A. Piccioni, was caused to sustain serious injuries of a temporary and permanent nature, was caused pain and suffering, incurred medical expenses in an attempt to cure his injuries, has been unable to perform his normal daily activities, incurred lost wages, and was otherwise injured and damaged.

WHEREFORE, plaintiff, Frank A. Piccioni, demands a judgment for damages against defendants, John Does 1-10, jointly, severally and/or in the alternative, together with interest and costs of suit.

## SECOND COUNT

1. For the purpose of brevity, all paragraphs of the previous Count are included herein by reference and made a part hereof.

2. At all relevant times, defendants, John Does 11-20 were the entities or individuals who were the architects, general contractors and/or project managers at the Chick-Fil-A located in Sewell, New Jersey, and defendants, were responsible for the design, planning, construction and/or installation of the storage rack/shelf and its component parts.

3. Fictitious names are being used for defendants, John Does 11-20 until which time their proper identity can be determined.

4. As the architects, construction company(ies) and/or project managers at the Chick-Fil-A located in Sewell, New Jersey, the defendants, John Does 11-20 owed a duty to plaintiff and other business invitees and/or members of the general public to prevent and/or remove all hazards known to defendants, as well as those hazards which in the exercise of reasonable care should have been known to defendants, and/or to warn plaintiff of those hazards known to defendants as well as those hazards which in the exercise of reasonable care should have been known to defendants, and defendants breached their duty to plaintiff and others.

5. Defendants, John Does 11-20 were negligent and responsible as follows:

   a. improper design or planned use of a storage rack/shelf hanging from chains which presented a hazard for those persons utilizing the same for its intended purpose;

b.  improper construction and/or installation of a storage rack/shelf hanging from chains which allowed stored items to fall without warning presenting a hazard for those persons using the same for its intended purpose;

c.  failed to warn the plaintiff and other persons using the same on the hazards associated with said storage rack/shelf;

d.  failed to make reasonable inspections in order to determine that the storage rack/shelf was in a safe condition and free from defects when using it for its intended purpose;

e.  failed to maintain the storage rack/shelf in a safe condition for those persons using the same for its intended purpose;

f.  improperly designed, planned, constructed and/or installed a storage rack/shelf hanging from chains with no regard for the safety of plaintiff and other persons using the same for its intended purpose;

g.  failed to have the subject storage rack/shelf which was hanging on chains properly secured and/or repaired for those persons using the same for its intended purpose;

h.  allowed a dangerous condition to exist and remain, making it difficult for individuals such as Plaintiff and other persons using the same to place objects on said storage rack/shelf without the risk of it shifting/moving during loading; and

i.  were otherwise negligent.

6.    As a direct and proximate result of the aforesaid negligence of defendants, John Does 11-20, plaintiff, Frank A. Piccioni, was caused to sustain serious injuries of a temporary and permanent nature, was caused pain and suffering, incurred medical expenses in an attempt to cure his injuries, has been unable to perform his normal daily activities, incurred lost wages, and was otherwise injured and damaged.

WHEREFORE, plaintiff, Frank A. Piccioni, demands a judgment for damages against defendants, John Does 11-20 jointly, severally and/or in the alternative, together with interest and costs of suit.

### THIRD COUNT

1.    For the purpose of brevity, all paragraphs of the previous Counts are included herein by reference and made a part hereof.

2.    At all times relevant hereto, defendants, John Does 21-30, were the independent contractors who worked at the Chick-Fil-A store located in Sewell, New Jersey, and were involved with the selection and/or installation of the storage rack/shelves and their parts. Fictitious names are being used until their proper identity can be determined.

3.    Fictitious names are being used for defendants, John Does 21-30 until which time their proper identity can be determined.

4.    As the independent contractors who worked at the Chick-Fil-A store located in Sewell, New Jersey, the defendants, John Does 21-30 owed a duty to plaintiff and other business invitees and/or members of the general public to prevent and/or remove all hazards known to defendants, as well as those hazards which in the exercise of reasonable care should have been known to defendants, and/or to

warn plaintiff of those hazards known to defendants as well as those hazards which in the exercise of reasonable care should have been known to defendants, and defendants breached their duty to plaintiff and others.

5.  Defendants, John Does 21-30 were negligent and responsible as follows:

   a.  improper design or planned use of a storage rack/shelf hanging from chains which presented a hazard for those persons utilizing the same for its intended purpose;

   b.  improper construction and/or installation of a storage rack/shelf hanging from chains which allowed stored items to fall without warning presenting a hazard for those persons using the same for its intended purpose;

   c.  failed to warn the plaintiff and other persons using the same on the hazards associated with said storage rack/shelf;

   d.  failed to make reasonable inspections in order to determine that the storage rack/shelf was in a safe condition and free from defects when using it for its intended purpose;

   e.  failed to maintain the storage rack/shelf in a safe condition for those persons using the same for its intended purpose;

   f.  improperly designed, planned, constructed and/or installed a storage rack/shelf hanging from chains with no regard for the safety of plaintiff and other persons using the same for its intended purpose;

   g.  failed to have the subject storage rack/shelf which was hanging on chains properly secured and/or repaired for those persons using the same for its intended purpose;

      h.     allowed a dangerous condition to exist and remain, making it difficult for individuals such as Plaintiff and other persons using the same to place objects on said storage rack/shelf without the risk of it shifting/moving during loading; and

      i.     were otherwise negligent.

6.     As a direct and proximate result of the aforesaid negligence of defendants, John Does 21-30, plaintiff, Frank A. Piccioni, was caused to sustain serious injuries of a temporary and permanent nature, was caused pain and suffering, incurred medical expenses in an attempt to cure his injuries, has been unable to perform his normal daily activities, incurred lost wages, and was otherwise injured and damaged.

WHEREFORE, plaintiff, Frank A. Piccioni, demands a judgment for damages against defendants, John Does 21-30 jointly, severally and/or in the alternative, together with interest and costs of suit.

### FOURTH COUNT

1.     Plaintiff incorporates the allegations contained in the previous Counts above as is fully set forth at length herein.

2.     Defendants, John Does 31-40 were the entities or individuals responsible for performing the routine inspections, repair and/or maintenance of the storage rack and component parts at the Chick-Fil-A store in Sewell, New Jersey.

3.     Fictitious names are being used for defendants, John Does 31-40 until which time their proper identity can be determined.

4. As maintenance contractors responsible for the inspections, repair and/or maintenance of storage rack and its component parts, the defendants, John Does 31-40 owed a duty to plaintiff to remove all hazards known to defendants, as well as those hazards which in the exercise of reasonable care should have been known to defendants, and/or to warn plaintiff of those hazards known to defendants, as well as those hazards which in the exercise of reasonable care should have been known to defendants.

5. At the same time and place aforesaid, defendants, John Does 31-40 were careless and negligent as follows:

    a. allowed a dangerous condition to exist;

    b. failed to prevent the existence of a dangerous condition;

    c. failed to exercise proper maintenance and supervision of the premises;

    d. failed to adequately inspect the premises to ensure the storage rack and its component parts to be in a safe condition;

    e. failed to maintain a known, normal, utilized everyday piece of equipment free from dangerous conditions, when they knew or in the exercise of reasonable care should have known that said storage rack and its component parts were used by Plaintiff and other persons;

    f. failed to warn plaintiff of the dangerous conditions then and there existing on the premises;

    g. failed to train employees to look for and remove dangerous conditions;

    h. failed to correct a dangerous design/installation flaw;

GLO-L-001228-19 10/10/2019 1:23:29 PM Pg 10 of 13 Trans ID: LCV20191853277

   i.  and were otherwise careless and negligent.

6. As a direct and proximate result of the aforesaid carelessness and negligence of the defendants, John Does 31-40, the plaintiff, Frank A. Piccioni, sustained severe and painful bodily injuries of both a temporary and permanent nature, suffered and continues to suffer great pain and injury and has incurred and will in the future be caused to incur medical expenses in an effort to heal his injuries, and the quality of his life as previously enjoyed and expected reasonably to continue has been seriously and adversely affected.

WHEREFORE, plaintiff, Frank A. Piccioni, demands a judgment for damages against defendants, John Does 31-40 (fictitious names) jointly, severally or in the alternative, together with interest and costs of suit.

## FIFTH COUNT

1. For the purpose of brevity, all paragraphs of the previous Counts are included herein by reference and made a part hereof.

2. The defendants, John Does 41-50 were the designers and/or manufacturers of the storage rack and component parts installed at the Chick-Fil-A located in Sewell, New Jersey.

3. Fictitious names are being used for defendants, John Does 41-50 until which time their proper identity can be determined.

4. Sometime before October 11, 2017, the date of plaintiff's accident, defendants, John Does 41-50, whose identities are presently unknown, were responsible for the design, manufacture, sale, distribution, installation and/or maintenance of the subject storage rack and its component parts which was located in the Chick-Fil-A store in Sewell, New Jersey.

5. Defendants, John Does 41-50 owed a duty to plaintiff and other business invitees and users of the storage rack and component parts that it would be safe for its intended purpose and would not malfunction and result in injury or damage to those properly using the storage rack.

6. Defendants, John Does 41-50 breached its duty and were negligent and/or strictly liable as follows:

    a. failing to properly design the storage rack and its component parts;

    b. failing to properly manufacture the storage rack and its component parts;

    c. failing to properly warn users of the storage rack and its component parts;

    d. and was otherwise negligent and/or strictly liable.

7. As a direct and proximate result of defendant, John Does 41-50's negligence and/or strict liability, plaintiff, Frank A. Piccioni, was caused to suffer serious injuries of a temporary and permanent nature, was caused pain and suffering, incurred medical expenses in an attempt to cure his injuries, has been unable to perform his normal daily activities, incurred lost wages, and was otherwise injured and damaged.

WHEREFORE, plaintiff, Frank A. Piccioni, demands a judgment for damages against defendants, John Does 41-50 jointly, severally and/or in the alternative, together with interest and costs of suit.

## SIXTH COUNT

1. For the sake of brevity, all paragraphs of the previous Counts are included herein by reference and made a part hereof.

2. Defendant, Chick-Fil-A, was the plaintiff, Frank A. Piccioni's, employer at the time of the subject accident.

3. Defendant, Chick-Fil-A, is being impleaded for the purposes of discovery only pursuant to the authority of Arcell v. Ashland Chemical Co., 152 N.J. Super. 471 (1977) 378 A.2d 53.

4. Defendant, Chick-Fil-A, will be entitled to dismissal once it has supplied the necessary discovery relevant to this litigation.

WHEREFORE, plaintiff, Frank A. Coleman, demands any and all disclosures from defendant, Chick-Fil-A, including but not limited to information and documents, Answers to Interrogatories, Depositions and related materials.

## SEVENTH COUNT

1. Plaintiffs incorporate the allegations contained in the previous Counts above as if fully set forth at length herein.

2. The defendants, John Does 1-10, John Does 11-20, John Does 21-30, John Does 31-40, and John Does 41-50, are liable to the plaintiff jointly, severally and/or in the alternative.

WHEREFORE, plaintiff demands judgment against the defendants, jointly, severally and in the alternative for such sums as would reasonably and properly compensate them in accordance with the laws of the State of New Jersey, together with interest, attorney's fees and costs of suit.

Date:   October 10, 2019

*Randy P. Catalano*
Randy P. Catalano, Esquire
Attorney for Plaintiff

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Randy P. Catalano, Esquire is hereby designated as trial counsel.

## CERTIFICATION

The undersigned attorney for plaintiffs hereby certifies the within Complaint was filed within the time prescribed by the Rules of Court. To the best of my knowledge and belief, this matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any such proceeding contemplated at this time by the plaintiffs, other than plaintiff's workers compensation claim, Frank Piccioni v. Chick-Fil-A, CP# 2017-34694 (Camden County). To the best of my knowledge and belief, there are no other parties who must be joined in this action.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiffs hereby request each Defendant upon whom this Complaint is served to answer Uniform Interrogatories Form C and Form C2, within the time prescribed by "Best Practices" and the Rules of Court.

Date: October 2, 2019

Randy P. Catalano, Esquire
Attorney for Plaintiff

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-001228-19

**Case Caption:** PICCIONI FRANK VS JOHN DOES 1-10
**Case Initiation Date:** 10/10/2019
**Attorney Name:** RANDY P CATALANO
**Firm Name:** RALPH P. CATALANO
**Address:** 401 KINGS HIGHWAY SOUTH STE 4A
CHERRY HILL NJ 08034
**Phone:** 8562819860
**Name of Party:** PLAINTIFF : Piccioni, Frank, A
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** YES
**If yes, list docket numbers:** Chick-Fil-A, CP #2017-34694 (Camden County)
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
   If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
   If yes, for what language:

Please check off each applicable category: Putative Class Action? NO     Title 59? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/10/2019
Dated

/s/ RANDY P CATALANO
Signed